IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SIDNEY RAY SNELLINGS, | § | |
| TDCJ #1820678, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-1708 |
| | § | |
| STEPHANIE L. JENNINGS, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

State inmate Sidney Ray Snellings (TDCJ #1820678; former TDCJ #714002) has filed a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1) alleging violations of his civil rights. At the court's request Snellings has filed a more definite statement of his claims ("More Definite Statement") (Docket Entry No. 8). Because he is a prisoner, the court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). After reviewing all of the pleadings as required, the court will dismiss this action for the reasons explained below.

## I. Background

Snellings is currently incarcerated by the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") at

the Estelle Unit in Huntsville.   Snellings sues the following defendants, who are employed by TDCJ at the Coffield Unit, including:   Correctional Officer II Stephanie L. Jennings, Assistant Warden Jeffery S. Richardson, Senior Warden John A. Rupert, and Grievance Investigator Bennie J. Coleman.

Snellings' pleadings are incoherent, disjointed, and difficult to decipher.   His primary claim appears to be that Officer Jennings retaliated against him in some unspecified way or conspired with other defendants to cause him harm.[1]   Snellings alleges that Jennings used force or misused her authority by making a "threat" against him on January 3, 2015, in violation of the First and Eighth Amendments.[2]   Without offering any details, he also accuses her of negligence, harassment, bribery, perjury, obstruction of justice, official misconduct, identity theft, human rights violations, and blackmail.[3]   As a result of this mistreatment, Snellings reportedly suffered "severe depression, anxiety, emotional distress," and "mental anguish."[4]

In addition, Snellings alleges that unidentified TDCJ "gang intelligence staff" have discriminated against him in an

---

[1]Complaint, Docket Entry No. 1, p. 4; More Definite Statement, Docket Entry No. 8, pp. 2-3, 7-8.

[2]More Definite Statement, Docket Entry No. 8, p. 5.

[3]Id. at 2, 7-8.

[4]Id. at 6.

unspecified way in violation of his First Amendment rights.[5] Without elaboration, Snellings also contends that TDCJ discriminates generally by treating "white and non-white inmates differently."[6]

Snellings appears to claim that Assistant Warden Richardson is liable as a supervisory official for depriving him of due process by denying him a fair investigation, discovery, access to evidence, cross-examination, and legal aid in connection with an unspecified proceeding.[7] Snellings also asserts that Richardson has violated the Texas Penal Code in an undisclosed manner and has also violated TDCJ policies, rules, regulations, and procedures.[8] Snellings vaguely contends that Senior Warden Rupert is liable as a supervisory official for violating his right to due process and equal protection as well as for violations of various administrative procedures and agency guidelines.[9] Snellings contends that Coleman violated his right to due process and equal protection, among other things, during the course of a grievance investigation.[10]

---

[5]<u>Id.</u> at 7 ¶ J.5.

[6]<u>Id.</u>

[7]<u>Id.</u> at 8.

[8]<u>Id.</u>

[9]<u>Id.</u> at 9.

[10]<u>Id.</u> at 10.

Snellings seeks unspecified relief for an assortment of state and federal torts.[11]

## II.  Discussion

The court is obliged to give plaintiff's pro se allegations, however inartfully pleaded, a liberal construction.  See Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citing Estelle v. Gamble, 97 S. Ct. 285, 292 (1976)); see also Haines v. Kerner, 92 S. Ct. 594, 596 (1972) (noting that allegations in a pro se complaint, however inartfully pleaded, are held to less stringent standards than formal pleadings drafted by lawyers).  Even under the most generous interpretation the Complaint in this case, as supplemented by plaintiff's More Definite Statement, fails to convey sufficient facts to support a viable claim.

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  While it is not necessary for a plaintiff to plead specific facts, he must articulate "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 127 S. Ct. at 1965).

---

[11]Complaint, Docket Entry No. 1, p. 4.

In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to establish a plausible claim.  Id.

The court afforded Snellings an opportunity to clarify his allegations in this case by providing a More Definite Statement of his claims.[12] Like the Complaint, however, Snellings' More Definite Statement consists of little more than threadbare recitals of one cause of action or another without any facts in support.[13] This is not sufficient to state a claim.[14]  See Iqbal, 129 S. Ct. at 1949; Twombly, 127 S. Ct. at 1965.  Accordingly, the Complaint will be dismissed for failure to state a claim upon which relief can be granted.

---

[12]Order for More Definite Statement, Docket Entry No. 7.

[13]More Definite Statement, Docket Entry No. 8.

[14]For example, Snellings' primary contention is that Jennings and the other defendants engaged in a retaliatory conspiracy against him.  Snellings does not indicate why any of the defendants would retaliate against him or describe a retaliatory adverse act in support of a retaliation claim.  Mere conclusory allegations of retaliation will not suffice; a prisoner must point to direct evidence of retaliation or a chronology of events from which retaliation may plausibly be inferred.  See Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir..1995).  Likewise, absent reference to material facts, conclusory allegations of conspiracy are not sufficient to articulate a claim of conspiracy under 42 U.S.C. § 1983.  See Brinkmann v. Johnston, 793 F.2d 111, 113 (5th Cir. 1986) (citing Arsenaux v. Roberts, 726 F.2d 1022, 1024 (5th Cir. 1982)); see also Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992) (dismissing an inmate's conclusional allegations of conspiracy as "frivolous").  Snellings' other claims, which are similarly untethered to supporting facts, merit no further mention.

### III.   <u>Conclusion and Order</u>

Based on the foregoing, the court **ORDERS** that the plaintiff's Complaint (Docket Entry No. 1) is **DISMISSED with prejudice** under 28 U.S.C. § 1915A(b) for failure to state a claim.

**The Clerk of Court is directed to provide a copy of this Memorandum Opinion and Order to the parties.  The Clerk will also provide a copy of this Memorandum Opinion and Order by regular mail, facsimile transmission, or e-mail to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.**

**SIGNED** at Houston, Texas, on this 5th day of August, 2015.

SIM LAKE
UNITED STATES DISTRICT JUDGE